LOTTINGER, Judge.
This is an action ex delicto by Don and Carol Mitchell, husband and wife, against Woodward R. Theriot[1] and his insurer, Allstate Insurance Company. From a jury judgment in favor of both plaintiffs, defendants have appealed.
This case arises out of an automobile accident which happened on May 16, 1980, at approximately 5:45 a. m. on La. 3002 or Southrange Avenue in Denham Springs, Louisiana. It was raining heavily, with 35 to 50 miles per hour winds whipping the rain. Visibility was very poor. Immediately prior to the accident, vehicles operated by plaintiff, Don Mitchell, and defendant, Theriot, were both traveling north. Plaintiff testified that some few minutes prior to the accident he was driving 20 to 25 miles per hour, because of the bad weather and low visibility, when he was passed by a pickup truck. He described the pickup as light in color with a rack on the back. Defendant testified that he was driving 10 to 15 miles per hour when he was suddenly and without warning confronted with a wooden firecracker stand in the middle of his lane of travel. He immediately applied his brakes and his vehicle turned around, remaining in his lane of travel but facing the wrong way. His vehicle was a pickup, maroon and brown in color with a white rack on the back. Theriot denied passing anyone.
An eyewitness who was parked in an adjacent convenience store parking lot stated that the stand was in the road when he arrived, he had been there for at least five minutes prior to the accident, and saw no other vehicles pass on the highway while parked.
Just seconds after defendant’s vehicle collided with the firecracker stand and completed its turnaround, plaintiff’s automobile collided head-on with defendant’s pickup truck.
The jury returned a verdict in favor of both plaintiffs for $5,078.04, i.e., pain and suffering — $2,500.00, physical injuries— $300.00, medical expenses — $40.00, damages to auto — $2,118.04, and towing charge— $120.00. Mrs. Mitchell was a plaintiff because the automobile her husband was driving was purchased by her prior to their marriage and did not form part of the community.
In appealing defendants-appellants argue the trial court erred:
(1) in not granting defendants a directed verdict at the close of plaintiffs’ case;
(2) in not granting judgment in favor of defendants;
(3) in giving jury instructions which resulted in confusion and an improper verdict by the jury; and
(4) in failing to give a requested jury charge.
*990 We pretermit discussion of specification of error number one because we find the jury in manifest error in rendering judgment in favor of plaintiffs. For the jury to find in favor of plaintiffs, the jury must have concluded that the firecracker stand was in the roadway for some time prior to the collision, that defendant was driving faster than the weather conditions warranted, that defendant passed plaintiff on the highway, that it was defendant’s negligent operation of his pickup truck which caused the initial collision with the firecracker stand, and that defendant could not plead “sudden emergency” because he was operating his vehicle negligently. The jury must have concluded that defendant’s negligence was the cause in fact of the collision between the two vehicles.
We disagree with this conclusion. We find no error in the jury’s conclusion that defendant was operating his pickup truck at a speed greater than that warranted by the weather conditions, thus he was negligent in the manner in which he was driving. However, for the jury not to find contributory negligence on the part of plaintiff, it must have concluded that plaintiff’s operation of a vehicle at 20 to 25 miles per hour in heavy rain with poor visibility was not negligent. Yet, although plaintiff operated his vehicle in what the jury found to be a non-negligent manner, plaintiff could not stop his vehicle in time to avoid colliding with the defendant’s pickup truck. The logical inference that must be reached is that even had defendant operated his vehicle in a similar non-negligent manner, he too would have been unable to stop his pickup truck in time to avoid hitting the firecracker stand. Therefore, the manner in which defendant operated his truck played no part in its collision with the stand.
Additionally, if the defendant in his pickup truck had not been present, it is also logical to conclude that since plaintiff could not stop in time to avoid hitting the pickup truck, he could not have stopped in time to avoid hitting the fireworks stand; thus, a collision would have taken place regardless of any negligence on the part of defendant.
We therefore conclude that any negligence on the part of defendant was not the cause in fact of the ultimate collision between these two vehicles.
Inasmuch as we have reached the above conclusion, we pretermit any discussion of assignments of error numbers three and four.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and there is now judgment in favor of defendants with plaintiffs to pay all costs, both in the trial court and in this court.
REVERSED AND RENDERED.
SHORTESS, J., concurs.

. Suit was filed against Woodrow J. Theriot, but during the defendant’s testimony the spelling of his first name and his middle initial were corrected.